Common Pleas Court of Hamilton County.

CHRISTIAN W. TIEMAN, EXR. V. ANTOINETTE H. SMITH. ET AL.

Decided July 7, 1933.

*Oliver G. Bailey,* for plaintiff in error.

ALFRED MACK, J.

This proceeding in error seeks a reversal of the order of the Probate Court, of Hamilton county, Ohio, denying the application of plaintiff in error that the court accept his bond as executor in the sum of $25,000.

There is involved herein the preliminary question as to whether such order is a "final order" upon which a proceeding in error can be predicated. Such question is answered by the decision of our Court of Appeals in *Seasongood* v. *Seasongood*, 23 C. C. (N. S.) 369, wherein the Common Pleas Court and the Court of Appeals entertained proceedings in error to an order of the Probate Court refusing to appoint a non-resident as one of three executors named in a will.

By the record it appears that by the will of testator it was provided in paragraph tenth:—

"Tenth. I hereby nominate and appoint Christian W. Tieman of Cincinnati, Ohio, executor of this my Last Will and Testament, and direct that he give bond in the sum of twenty-five thousand ($25,000.) dollars for the faithful performance of his duties as such executor, and I request the court not to require any larger or additional bond from him as such executor."

Such record further shows that plaintiff in error presented his bond in the sum of $25,000.00 with the United States Fidelity and Guaranty Company as surety, and that thereupon the court made the following order:

"The court being fully advised finds that said bond is not sufficient, solely for the reason that the court has no discretion to accept a bond for less than double the amount of the value of the personal property of said decedent, as directed by Section 10506-4, General Code of Ohio, and for said reason alone said application of said Christian W. Tieman to accept the said bond of twenty-five thousand ($25,000.-00) dollars is hereby denied."

Such record further shows that the estimated value of the personal property of decedent amounts to fifty thousand ($50,000.00) dollars, or more.

Under the English law executors derive their authority from the will, and not from the appointment of the Ordinary or Probate Court; hence in England executors are not required to give bond. The same rule applies in some of our states. In most of our states, however, executors are required to give bond unless the will of the testator dispenses therewith. This is the rule in Ohio. 2 Woerner's American Law of Administration (3d Ed.) Section 250.

By Section 10506-1, General Code, a "Fiduciary" includes any person appointed by and accountable to the Probate Court, charged with duties in relation to any property, interest, trust or estate for the benefit of another.

By Section 10506-4, General Code, it is provided that unless otherwise provided by the instrument creating the trust, every fiduciary shall give bond in an amount to be fixed by the Probate Court, but in no event less than double the probable value of the personal estate. This section of the code must be read in connection with Section 10506-17, General Code, which provides:

"When by the terms of a last will the testator orders or requests that a fiduciary therein named may execute it *without giving bond,* the court at its discretion may grant letters of appointment, with or without bond."

In the opinion of this court the two sections of the General Code clearly indicate the policy of this state to be that a testator may require *no* bond to be given by his executor, or the matter is left to the Probate Court, which *must* fix the bond at not less than double the probable value of the personal estate. The only discretion vested in the Probate Court is that of requiring a bond from the executor, notwithstanding the will of testator orders or requests that the fiduciary may qualify "without giving bond."

On behalf of plaintiff in error it is urged that the right of testator to dispense with the execution of a bond by his executor includes the right to dispense with giving bond in an amount prescribed by law; in other words, the right to fix the bond of the executor at less than double the amount of the probable value of the personal estate. However, a complete answer to this argument is that the law of Ohio clearly and distinctly provides one of two courses to be pursued by the testator, viz., dispensing with any bond, or leaving to the Probate Court the fixing of the bond under the provisions of Section 10506-4, General Code.

A token of testator's knowledge of the law as hereinbefore stated is contained in said paragraph tenth of his will when he uses the words "I request the court not to require any larger or additional bond" than the $25,000.00 named therein.

It follows from the foregoing that the judgment and order of the Probate Court herein will be affirmed.